**Josie PARKER, as Guardian Ad Litem for Olivia R. Cummings, a minor, Plaintiff,**

v.

**METROPOLITAN LIFE INSURANCE COMPANY and Deborah Maxwell, Defendants.**

No. 6:03–1374–20.

United States District Court, D. South Carolina, Greenville Division.

June 13, 2003.

Thomas J. Thompson, Esq., James E. Bryan, Jr., Esq., Laurens, SC, for Plaintiff/Petitioner.

Billy J. Garrett, Jr. Esq., Carson M. Henderson, Greenwood, SC, Esq., Attorneys for Maxwell, J.D. Quattlebaum, Esq., Greenville, SC, Attorneys for Metropolitan Life Ins. Co.

### ORDER

HERLONG, District Judge.

This matter is before the court on the plaintiff's motion to remand. The plaintiff originally filed this case in the Laurens County Court of Common Pleas. The defendants removed the case on the basis of federal-question jurisdiction. *See* 28 U.S.C. § 1441. For the reasons below, the court grants the plaintiff's motion to remand.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On September 7, 2002, James Scott Rumfelt ("Rumfelt") was killed in an automobile accident. (Compl. at 1.) At the time of his death, Rumfelt was a full-time employee of the Army National Guard and covered by a life insurance policy issued by Metropolitan Life Insurance Company ("MetLife"). (*Id.*) Rumfelt is survived by one child, Olivia R. Cummings ("Cummings"). Sometime after Rumfelt's death, MetLife received a claim for the life insurance proceeds from Deborah Maxwell ("Maxwell"), who claimed to be Rumfelt's common-law wife. Receiving no other claims and after determining Maxwell was Rumfelt's common-law wife, MetLife paid Maxwell the One Hundred Seventeen Thousand Dollars ($117,000.00) in life insurance proceeds. Cummings did not file a claim with MetLife prior to payment of the proceeds. The plaintiff alleges that Cummings is entitled to the insurance proceeds under state law and seeks appropriate remedies. Both of the plaintiff's causes of action arise under state law.

### II. DISCUSSION OF THE LAW

In order for removal jurisdiction to exist, a federal court must have "original jurisdiction." *See* 28 U.S.C. § 1441(a). "It is elementary that the burden is on the party asserting jurisdiction to demonstrate that jurisdiction does, in fact, exist." *Lovern v. Edwards,* 190 F.3d 648, 654 (4th Cir.1999). The defendants removed this case on the basis of federal-question jurisdiction and therefore bear the burden of

proof. *See* 28 U.S.C. § 1331. Section 1331 states that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *Id.* "[T]he vast majority of cases brought under the general federal-question jurisdiction of the federal courts are those in which federal law creates the cause of action." *Merrell Dow Pharmaceuticals, Inc. v. Thompson,* 478 U.S. 804, 808, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986).

The defendants have not argued that federal law creates the causes of action asserted by the plaintiff. Rather, the defendants argue that federal-question jurisdiction exists because the plaintiff's right to relief depends upon the resolution of a substantial question of federal law.[1] Specifically, the defendants allege that the life insurance policy is regulated by the Federal Employees Group Life Insurance Act ("FEGLIA"), 5 U.S.C. § 8701 et seq., and that FEGLIA controls the order of precedence in the payment of the life insurance proceeds. *See* 5 U.S.C. § 8705(a).[2] The plaintiff does not dispute that the policy at issue is governed by FEGLIA. (Pl.'s Mem. Supp. Mot. Remand at 1.)

■ The court must determine whether FEGLIA is sufficient to create federal-question jurisdiction in the present case where the plaintiff has alleged only state law causes of action and has made no reference to federal law. It is well settled that "a case may arise under federal law 'where the vindication of a right under state law necessarily turn[s] on some con-struction of federal law.'" *Merrell Dow,* 478 U.S. at 808, 106 S.Ct. 3229 (quoting *Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. 1, 9, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)). In this case, while FEGLIA is involved, the case does not turn on the application of this statute.

■ As stated above, the parties agree that the policy at issue is governed by FEGLIA. Additionally, section 8705(a) states that life insurance proceeds are paid first to the beneficiary and if there is no beneficiary to the widow or widower of the decedent. Therefore, if Maxwell was Rumfelt's common-law wife, she is entitled to the FEGLI proceeds. Furthermore, state laws which are in conflict with FEGLIA's provisions and "relate to the nature or extent of coverage or benefits (including payments with respect to benefits)" are preempted. *See* 5 U.S.C. § 8709(d)(1). Therefore, to the extent the plaintiff argues South Carolina intestacy law governs the distribution of the FEGLI proceeds, this claim is without merit. *See generally, Christ,* 979 F.2d at 582 (holding that constructive trust remedy was in conflict with FEGLIA and therefore preempted).

■ The real issues in this case are whether MetLife was negligent in paying or whether Maxwell fraudulently obtained the FEGLI proceeds. The resolution of these tort claims and the issues raised in these claims involves the application of state law solely. Therefore, because it is clear that the order of distribution is controlled by FEGLIA and that state intesta-

---

1. The court notes that the basis for jurisdiction set forth in the defendants' notice of removal is not applicable. 5 U.S.C. § 8715 provides for original federal jurisdiction in cases against the United States. In this case, the United States is not a party.

2. "Congress enacted FEGLIA in 1954 to provide low-cost group life insurance to Federal employees. Under FEGLIA, insurance bene-fits are provided under a master policy issued by MetLife to the United States Office of Personnel Management (OPM). OPM administers FEGLIA and has the authority to prescribe regulations necessary to carry out FEGLIA's purposes." *See Metropolitan Life Ins. Co. v. Christ,* 979 F.2d 575, 576 (7th Cir.1992) (internal quotations and citations omitted).

cy law is preempted, the only remaining contested issues involve the application of state law. Therefore, the court does not have a sufficient basis to exercise federal question jurisdiction.

Alternatively, to the extent that a federal question has been raised, the court determines that the FEGLIA distribution statute, 5 U.S.C. § 8705(a), applies and that FEGLIA preempts the state laws of intestacy. Furthermore, the court declines to exercise jurisdiction over the state law tort claims of negligence and fraud. *See* 28 U.S.C. § 1367. For these reasons, the plaintiff's motion to remand is granted.

Therefore, it is

**ORDERED** that the plaintiff's motion to remand is granted. The court instructs the Clerk of Court to remand this case to the Court of Common Pleas for the State of South Carolina.

**IT IS SO ORDERED.**